UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN B. PRASAD,

        Plaintiff,

   v.

DAVE PINE, et al.,

        Defendants.

Case No. 22-cv-01346-JST

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at Maguire Correctional Facility, has filed a *pro se* action pursuant to 42 U.S.C. § 1983.[1] HIs complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] This complaint is identical to the complaints filed in *Johnson v. San Mateo County, et al.*, C No. 22-cv-01342 BLF; *Majors v. San Mateo County, et al.*, C No. 22-01343 NC; and *Washington v. San Mateo County, et al.*, C No. 22-cv-01347 HSG.

1  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

2  necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

3  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

4  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

5  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

6  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

7  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

8  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

9  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

10  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

11  U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants the San Mateo County Board of Supervisors, Dave Pine, Carole Groom, Don Horsely, Warren Slocum, and David Cianepa.  The complaint makes the following allegations.  On April 4, 2021, the San Mateo County Sheriff's office stopped all incoming mail to inmates in Maguire Correctional Facility because unidentified inmates, with no connection to Plaintiff, had smuggled in a 13 film strip of suboxone through the mail.  Plaintiff is currently unable to receive postal mail.

The complaint will be dismissed with leave to amend because the complaint does not identify any actions taken by the named defendants.  The complaint identifies a policy by the San Mateo County Sheriff's Office, but does not link this policy to the named defendants.  This dismissal is with leave to amend to address the identified deficiency.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts).

In preparing an amended complaint, Plaintiff is cautioned that the Prison Litigation Reform Act requires that inmates exhaust administrative remedies prior to filing suit.  *See* 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (action must be dismissed unless prisoner exhausted available administrative remedies *before* he or she filed suit, even if

2

prisoner fully exhausts while suit is pending); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before prisoner sends complaint to court it will be dismissed even if exhaustion is completed by time complaint is actually filed). Here, Plaintiff has not indicated whether he exhausted his administrative remedies for his claims before filing suit. In preparing an amended complaint, Plaintiff should indicate whether he has exhausted administrative remedies.

**C.     Filing Evidence in the Record**

Inmate Julio Sotelo, a non-party to this action, has filed a declaration in this action regarding restrictions on what he is able to receive in the mail and what he is able to buy or obtain, per the rules set by the San Mateo Sheriff's Office. ECF No. 7. The Court presumes that inmate Sotelo filed his declaration in this action at Plaintiff's direction, and that Plaintiff intends for inmate Sotelo's declaration to serve as evidence supporting Plaintiff's claims. The court's docket cannot be used as a depository for evidence that may become relevant at some later point in the litigation. If Plaintiff has collected evidence that he believes supports his claims, the appropriate time to present that evidence is when filing or opposing a dispositive motion (although as a general matter, in a motion to dismiss the Court considers only the complaint). Evidence filed prematurely with the Court has no legal effect and will not be considered. The Court will not consider evidence filed prematurely.

In addition, as a general matter, the prudential limitations of standing require *inter alia* that a plaintiff assert her own rights, rather than rely on the rights or interests of third parties. *See Estate of McKinney v. United States*, 71 F.3d 779, 782 (9th Cir. 1995); *see also Powers v. Ohio*, 499 U.S. 400, 410 (1991) (ordinarily plaintiff does not have standing to complain about deprivations of constitutional rights of others). In other words, Plaintiff cannot sue for, or recover based on, injuries suffered by someone other than himself. Plaintiff does not have standing to seek recovery or relief for injuries suffered in inmate Sotelo.

## CONCLUSION

For the foregoing reasons, the Court orders as follows. The Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff

shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 22-01346 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  May 16, 2022

_____
JON S. TIGAR
United States District Judge