**FILED**

JUL 25 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

2  Name: __Prasad__ __Kevin__ _____
    (Last)           (First)        (Middle)

3

4  Prisoner Number: __1222492__

5  Institutional Address: __1300 Maple St__
    __Redwood City, CA 94063__

6

7

8           UNITED STATES DISTRICT COURT
9           NORTHERN DISTRICT OF CALIFORNIA

10  __Kevin B Prasad_____ )
    (Enter your full name.)    )
11                             )   Case No. __5:22-cv-01346-JST__
              vs.              )   (Leave blank; to be provided by Clerk of Court)
12  __Carlos G Bolanos; Kristina Bell__ )   __Amended__
13  __Mark C Robbins, Alma Zamora__ )   **COMPLAINT UNDER THE**
                                   )   **CIVIL RIGHTS ACT,**
14  __John W Munsey, John Kovach__ )   **42 U.S.C. § 1983**
                                   )
15  (Enter the full name(s) of the defendant(s) in this action.)

16

17  **I. Exhaustion of Administrative Remedies.**

18  *Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

19  A.  Place of present confinement __Maple Street Correctional Center (MSCC)__

20  B.  Is there a grievance procedure in this institution?   YES ☒   NO ☐

21  C.  If so, did you present the facts in your complaint for review through the grievance

22      procedure?   YES ☒   NO ☐

23  D.  If your answer is YES, list the appeal number and the date and result of the appeal at each

24      level of review. If you did not pursue any available level of appeal, explain why.

25      1. Informal appeal: __There is No informal level__

26      _____

27      _____

28

COMPLAINT Page 1 of 4

2. First formal level: No grievance number provided; 25 Oct 2021; Sergeant said basically legal mail is delivered, and the rest is illegible to inmate

3. Second formal level: No appeal number provided; 8 Nov 2021; No response given by SMCSO

4. Third formal level: There is no Third level

E. Is the last level to which you appealed the highest level of appeal available to you?

   YES ☒   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.

Kevin B Prasad
1300 Maple St
Redwood City CA, 94063

B. For each defendant, provide full name, official position and place of employment.

Carlos G Bolanos - Sheriff - San Mateo County Sheriffs Office (SMCSO)
Mark C Robbins - Undersheriff (SMCSO)
John W Munsey - Assistant Sheriff SMCSO
Kristina Bell - Captian - Facility Commander - MSCC
Alma Zamora - Captian - Facility Commander Maguire Correctional Facility
John Kovach - Lieutenant (SMCSO - Administrative Lieutenant.
330 Bradford St, Redwood City, CA 94063

COMPLAINT *Page 2 of 4*

III. Statement of Claim.

Plaintiff is a pre-trial detainee of San Mateo County Sheriffs Office (SMCSO) and has been since 26 April 2018.

In a matter unrelated to plaintiff and outside the judiciary scope of SMCSO, and also as a result of allegations pertaining to individuals with no connection to Plaintiff, SMCSO is currently implementing an institutional policy of banning any and all correspondence (with the exception of legal correspondence) from entering the facility, with no penological interest shown and without any foundational premise regarding plaintiff as being subject to such punishment, which, because of its unusual severity and affective radius, falls under the realm of corporeal, and a flagrant disregard of plaintiff's Constitutional rights.

Plaintiff alleges that in furtherance of the liberal application of "penological interest" and the ad hoc imposition of institutional policies by SMCSO and its employees directly related to the implementation of indicated policies plaintiff contends that all deputies

3

who handle institutional literature reception policy as well as the improper discretionary censoring of literature deliverable through the United States Postal Service negates their discretionary immunity and thus finds them in pari delicto of a continuance of coporeal punishment suffered by the plaintiff due to precedents set outside the relevant judiciary scope of MSCC. The discretionary censorship applied by SMCSO, plaintiff alleges, holds himself and his benefactors outside of MSCC in pari causa regarding the freedom of choice in purchasing literature.

    In conjunction with and within the civil radius affected by the parties liable in the previous paragraph, SMCSO and its deputies, with equal fault, use purposely ubiquitous terminology which, although perhaps fully tanjent to, falls outside the scope of the defined parameters, outlining a policy which defines and subsequently rejects outright unacceptable pornographic pictures being received by inmates, so specifically adds pictures which are "provacative," while also, under color of law and institutional policy equating

1  legal judgement with equal discretion allows deputies to
2  censor inmate pictures based upon their own inherently
3  subjective opinion which fall under the "provocative"
4  banner. This allows defendants to censor pictures which
5  are not pornographic by nature, yet labeled "provocative"
6  due to either the deputies personal beliefs or their
7  discrimination of a certain inmate.
8  
9  
10  * Defendants continue to obstruct, prevent, and
11  return plaintiff correspondence back to the community,
12  continue to restrict which publishers plaintiff can receive
13  books from, discriminately use the "provocative" pictures
14  policy to discriminate which publications plaintiff has access
15  to, indifferentially using the "provocative" pictures policy on
16  pictures sent to the plaintiff from members of the community
17  and family members connected to plaintiff, and discrimination
18  based on class, income, etc., as to correspondence ~~which~~ as
19  Florida is across the country.
20  
21  IV. Relief.
22  Plaintiff respectfully requests a preliminary
23  injunction relief order and appointment of counsel,
24  nominal damages relief $500.00 a month from the

5

1 | time defendants stop plaintiff correspondence until defendants
2 | restore plaintiff correspondence back to plaintiff custody
3 |
4 | housing unit, facility address and any other assessment
5 | this court may deem proper, just and equitable.
6 |
7 |
8 |
9 |
10 |
11 | I DECLARE UNDER PENALTY OF PERJURY THAT
12 | THE FOREGOING IS TRUE AND CORRECT.
13 |
14 | Signed this 21st day of July, 2022
15 |
16 |
17 | _Ken B Pud_
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

6

Kevin Prasad #1222492
1300 Maple St
Redwood City, CA 94063



SAN FRANCISCO CA 940
22 JUL 2022 PM 5 L

Privileged Confidential

Office of the Clerk
U.S. District Court
Northern District of California
450 Golden Gate Ave
San Francisco, CA 94102

Privileged Conf Legal Mail

RECEIVED
JUL 25 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA



PRIVILEGED CONFIDENTIAL