UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN B. PRASAD,

　　　　　　Plaintiff,

　　v.

CARLOS G. BOLANOS, et al.,

　　　　　　Defendants.

Case No. 22-cv-01346-JST

**ORDER OF PARTIAL SERVICE; DISMISSING SEVERAL DEFENDANTS WITH LEAVE TO AMEND**

Re: ECF No. 14

Plaintiff, an inmate housed at Maguire Correctional Facility in Redwood, California ("MCF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His amended complaint (ECF No. 14) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

7   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

8   the alleged violation was committed by a person acting under the color of state law. *See West v.*

9   *Atkins*, 487 U.S. 42, 48 (1988).

10   **B.     Procedural Background**

11        The initial complaint named as defendants the San Mateo County Board of Supervisors,

12   Dave Pine, Carole Groom, Don Horsely, Warren Slocum, and David Cianepa, and alleged that

13   Plaintiff had been unable to receive postal mail since April 4, 2021 when the San Mateo County

14   Sheriff's Office stopped all incoming mail to inmates housed in Maguire Correctional Facility

15   because unidentified inmates, with no connection to Plaintiff, had smuggled in a 13 film strip of

16   suboxone through the mail. ECF No. 1. The Court dismissed the complaint with leave to amend

17   because the complaint did not identify any actions taken by the named defendants. ECF No. 9.

18   **C.     Complaint**

19        The amended complaint names the following San Mateo County Sheriff's Office's officers

20   as defendants: sheriff Carlos G. Bolanos, undersheriff Mark C. Robbins, assistant sheriff John W.

21   Munsey, McGuire Correctional Facility captain facility commander Alma Zamora, Maple Street

22   Correctional Center captain facility commander Kristina Bell, and administrative lieutenant John

23   Kovach.

24        The amended complaint makes the following allegations. Plaintiff is a pretrial detainee

25   and has been in the custody of the San Mateo County Sheriff's Office ("SMCSO") since April 26,

26   2019. SMCSO has implemented a policy banning inmates from receiving any correspondence,

27   with the exception of legal correspondence. SMCSO also has a policy prohibiting inmates from

28   receiving "provocative" pictures. Neither of these policies serve a legitimate penological interest.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Liberally construed, the allegations that SMCSO has banned inmates from receiving non-legal

2    correspondence and provocative photos and that the ban does not serve a legitimate penological

3    objective state a cognizable First Amendment claim against defendant SMCSO's Sheriff Carlos

4    Bolanos. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (prisoners enjoy First

5    Amendment right to send and receive mail) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407

6    (1989)); *Turner v. Safley*, 482 U.S. 78, 89 (1987) (prison may adopt regulations or practices

7    which impinge on prisoner's First Amendment rights as long as regulations are "reasonably

8    related to legitimate penological interests"); *Redman v. County of San Diego*, 942 F.2d 1435, 1446

9    (9th Cir. 1991), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

10   (supervisor may be liable under section 1983 upon showing of that supervisor implemented "a

11   policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving

12   force of the constitutional violation") (finding that San Diego County Sheriff could be held liable

13   for implementation of deficient policy because he was in charge of all San Diego County detention

14   facilities and was required by statute to be answerable for prisoners' safekeeping).

15              However, the remaining defendants (undersheriff Mark C. Robbins, assistant sheriff John

16   W. Munsey, McGuire Correctional Facility captain facility commander Alma Zamora, Maple

17   Street Correctional Center captain facility commander Kristina Bell, and administrative lieutenant

18   John Kovach) are DISMISSED from this action with leave to amend.  Plaintiff has not sufficiently

19   alleged a casual link between these defendants and the challenged policies, i.e. that these

20   defendants were responsible for the implementation of the policies or that they personally denied

21   Plaintiff his mail.  Plaintiff is cautioned that there is no respondent superior liability, or

22   supervisory liability, under Section 1983, i.e., liability under the theory that one is liable simply

23   because he supervises a person who has violated a plaintiff's rights.  *See Taylor v. List*, 880 F.2d

24   1040, 1045 (9th Cir. 1989).  When a named defendant holds a supervisory position, the causal link

25   between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v.

26   Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).  Conclusory allegations concerning the involvement of

27   supervisory personnel in civil rights violations are not sufficient to state a claim.  *See Ivey v.

28   Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Because it appears that Plaintiff could

United States District Court
Northern District of California

1  remedy the deficiencies in his claims against these defendants, the dismissal is with leave to

2  amend, if Plaintiff can truthfully allege facts that would state a claim against these defendants.  *See*

3  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend

4  unless pleading could not possibly be cured by allegations of other facts).

**CONCLUSION**

6        For the foregoing reasons, the Court orders as follows.

7        1.      Liberally construed, the complaint states a cognizable First Amendment claim

8  against defendant San Mateo County Sheriff Carlos Bolanos.  The Clerk shall issue summons and

9  the United States Marshal shall serve, without prepayment of fees, a copy of the operative

10  complaint (ECF No. 14), with all attachments thereto, and a copy of this order upon **defendant**

11  **San Mateo County Sheriff Carlos Bolanos at the San Mateo County Sheriff's Office, 400**

12  **County Center, Redwood City, CA 94063.**  A courtesy copy of the complaint, along with any

13  attachments (ECF No. 14), and this order shall also be mailed to the San Mateo County Counsel,

14  at 400 County Center, Redwood City, CA 94063.

15        2.      The operative complaint states a cognizable First Amendment claim against

16  defendant Sheriff Carlos Bolanos.  The remaining defendants are DISMISSED with leave to

17  amend.  If Plaintiff wishes to pursue claims against these defendants, he may file a second

18  amended complaint within **twenty-eight (28) days** of the date of this order correcting the

19  deficiencies identified above, if he can truthfully do so.  The second amended complaint must

20  include the caption and civil case number used in this order, Case No. 22-CV-01346-JST (PR) and

21  the words "SECOND AMENDED COMPLAINT" on the first page.  If using the court form

22  complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

23  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa*

24  *Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his second

25  amended complaint all the claims he wishes to present, including the First Amendment claim

26  found cognizable in this order, and all of the defendants he wishes to sue, including the

27  defendant(s) ordered served above.  Plaintiff may not incorporate material from the prior

28  complaint by reference.  Failure to file a second amended complaint in accordance with this order

in the time provided will result in the complaint docketed at ECF No. 14 remaining the operative complaint, and this action will proceed solely against San Mateo County Sheriff Carlos Bolanos on the First Amendment claim found cognizable above.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

    3.    In order to expedite the resolution of this case, the Court orders as follows:

        a.    No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

        b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.    Defendant shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

    4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about

---

[1] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5.     All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.     Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.     Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that

he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  March 14, 2023



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

7