| | |
|---|---|
| AARON MACKEY (SBN 286647) <br> CARA GAGLIANO (SBN 308639) <br> Electronic Frontier Foundation <br> 815 Eddy Street <br> San Francisco, CA 94109 <br> T: (415) 436-9333 <br> amackey@eff.org <br><br> STEPHANIE KRENT** <br> ALEX ABDO** <br> Knight First Amendment Institute <br>  at Columbia University <br> 475 Riverside Drive, Suite 302 <br> New York, NY 10115 <br> T: (646) 745-8500 <br> stephanie.krent@knightcolumbia.org <br><br> **Application for Admission Pro Hac Vice Forthcoming* | MARIA DEL PILAR GONZALEZ <br>  MORALES (SBN 308550) <br> SHUBHRA SHIVPURI (SBN 295543) <br> EMILY OVENCIA-AUDET (SBN 342116) <br> Social Justice Legal Foundation <br> 523 West 6th Street, Suite 450 <br> Los Angeles, CA 90014 <br> T: (213) 973-4063 <br> pgonzalez@socialjusticelaw.org <br><br> *Counsel for Third Parties A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| KEVIN PRASAD, <br><br> Plaintiff, <br><br> v. <br><br> CARLOS G. BOLANOS, et al., <br><br> Defendants. | Case No. 4:22-cv-01346-JST <br><br> **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULES 3-12 AND 7-11** |

ADMIN. MOT. RE RELATED CASES          1          Case No. 4:22-cv-01346-JST

**ADMINISTRATIVE MOTION**

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs in the recently removed action *A.B.O. Comix v. County of San Mateo*, No. 4:23-cv-01865-DMR, file this administrative motion asking the Court to consider whether that case should be related to *Prasad v. Bolanos*, No. 4:22-cv-01346-JST, a case Mr. Prasad voluntarily dismissed on March 27, 2023. As explained in the attached Declaration of Aaron Mackey, counsel for Plaintiffs in *A.B.O. Comix* notified counsel for Defendants via email of their intent to file this motion, seeking a stipulation as required by Civil Local Rule 7-11(a). Defendants' counsel informed Plaintiffs that Defendants would not stipulate that the cases were related.

**I.  THE TWO ACTIONS ARE RELATED.**

Both requirements of the Rule 3-12(a) of the Northern District of California's Civil Local Rules are satisfied here: "(1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* N.D. Cal. Civ. L.R. 3-12(a).

**A.  Both actions concern substantially the same parties, property, and events.**

The parties, property, and events at the heart of *A.B.O. Comix* and *Prasad* are substantially the same, for four reasons.

First, the actions involve the same parties. Both actions involve Plaintiff Kevin Prasad, and both actions name the Sheriff of San Mateo County as a Defendant. *See Prasad* Am. Compl. 1, ECF. No. 14; *A.B.O. Comix* Compl. ¶¶ 19, 22–23, 78–81, Ex. A. Although a new sheriff took office between the time Mr. Prasad filed his amended complaint in *Prasad* and when Plaintiffs filed the complaint in *A.B.O. Comix*, both actions were brought against the San Mateo County sheriff for official-capacity conduct. *See Prasad* Order 3, March 14, 2023, ECF No. 19 (explaining that Mr. Prasad stated "a cognizable First Amendment claim against defendant SMCSO's Sheriff Carlos Bolanos," citing case law holding that a sheriff could be liable for the implementation of a deficient policy); *A.B.O. Comix* Compl. ¶ 23 (explaining that Sheriff Corpus "is sued in her official capacity only").

Second, the actions involve largely the same facts and events. Both actions challenge Defendants' policy of destroying mail sent to people in its jails—depriving them of physical letters, drawings, pictures, and mementos. Mr. Prasad, for example, alleged that the Sheriff's Office "is currently implementing an unconstitutional policy of banning any and all correspondence (with the exception of legal correspondence) from entering the facility, with no penological interest shown." *See Prasad* Am. Compl. 3:5–21. Likewise, Plaintiffs in *A.B.O. Comix* allege that San Mateo County implemented a policy of "digitizing then destroying mail sent to people in its jails . . . and of conducting suspicionless surveillance of that mail and the individuals who send it," *A.B.O. Comix* Compl. ¶ 1, Ex. A, and that this policy "serves no legitimate penological purpose," *id.* ¶ 8. Both actions explicitly challenge this policy as it pertains to general incoming mail— including personal mail and educational and religious correspondence—rather than legal mail. *See Prasad* Am. Compl. 3:5–21 (explaining that he does not challenge the treatment of "legal correspondence"); *A.B.O. Comix* Compl. ¶ 1 (same).

Third, the actions involve the same claims. Mr. Prasad's initial complaint alleged that the County's mail policy "is a constitutional First Amendment violation [that] denies Plaintiff U.S. postal mail." *See Prasad* Compl. 2, ECF No. 1. This Court "liberally construed" the allegations in Mr. Prasad's Amended Complaint to encompass "a cognizable First Amendment claim." *See Prasad* Order 3, March 14, 2023. In *A.B.O. Comix*, Plaintiffs similarly raise freedom of speech claims under the First Amendment and the California Constitution. *See A.B.O. Comix* Compl. ¶¶ 88–90.

Fourth, the actions seek the same relief. Mr. Prasad's Amended Complaint sought the restoration of physical mail at San Mateo County's jails, *see Prasad* Am. Compl. 6:1–5, and Plaintiffs in *A.B.O. Comix* seek an injunction preventing Defendants from "digitizing and subsequently destroying incoming mail" and from "denying incarcerated people access to physical copies of their mail," *A.B.O. Comix* Compl. 30:3–6.

For these reasons, *Prasad* and *A.B.O. Comix* concern substantially the same parties, property, and events, and are far more similar in nature than other cases filed in this District

challenging the County's treatment of legal mail. *See, e.g.*, *Briggs v. San Mateo Cnty.*, 4:22-cv-05012-YGR.[1]

### B. There will likely be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Declining to treat *A.B.O. Comix* as related to *Prasad* risks the unduly burdensome duplication of labor and conflicting results. Although *Prasad* was voluntarily dismissed on March 27, 2023, this Court had already made preliminary rulings in that case that are relevant to *A.B.O. Comix v. County of San Mateo*. For example, in this Court's screening of Mr. Prasad's Amended Complaint under 28 U.S.C. § 1915A, it held that "the operative complaint states a cognizable First Amendment claim against defendant Sheriff Carlos Bolanos." *See Prasad* Order 4, March 14, 2023. To reach this conclusion, this Court had to familiarize itself with the relevant First Amendment caselaw, *see id.* at 3, as well as the factual background concerning the County's decision to ban physical mail, *id.* at 2. Because this Court has already familiarized itself with the relevant facts and entered preliminary legal decisions in *Prasad*, relating the two cases would promote judicial economy and avoid the risk of conflicting findings.

## II. CONCLUSION

For the foregoing reasons, the *A.B.O. Comix* Plaintiffs respectfully request that *A.B.O. Comix v. County of San Mateo*, No. 4:23-cv-01865, be related to *Prasad v. Bolanos*, No. 4:22-cv-01346-JST.

///

---

[1] Plaintiffs are aware of two other cases challenging the County's mail policy that were filed on the same day or the day before *Prasad* and received lower-numbered case captions. *See Johnson v. San Mateo Cnty.*, No. 5:22-cv-01342; *Majors v. Pine*, No. 3:22-cv-01343. Neither of these cases involved Plaintiffs or Defendants, as the defendants in *Johnson* and *Majors* were the individuals serving on the San Mateo County Board of Supervisors rather than the County itself. *See Johnson* Compl. 2, *Johnson v. San Mateo Cnty.*, No. 5:22-cv-03152, ECF No. 1; *Majors* Compl. 2, *Majors v. Pine*, No. 3:22-cv-01343, ECF No. 1. Additionally, neither case involved the same level of judicial involvement as *Prasad*: *Majors* was dismissed for failure to prosecute, *see* Order 1, *Majors v. Pine*, No. 3:22-cv-01343, July 26, 2022, ECF No. 12, while *Johnson* was dismissed after the plaintiff elected not to file an amended complaint, *see* Order 1, Aug. 24, 2022, *Johnson v. San Mateo Cnty.*, No. 5:22-cv-01342, ECF No. 9. For these reasons, neither *Johnson* nor *Majors* meet the criteria for relation to the extent that *Prasad* does.

| | | |
|---|---|---|
| 1 | DATED: April 21, 2023 | Respectfully submitted,<br>/s/ _____ |
| 2 | | Aaron Mackey (SBN 286647) |
| 3 | | Cara Gagliano (SBN 308639)<br>Electronic Frontier Foundation |
| 4 | | 815 Eddy Street<br>San Francisco, CA 94109 |
| 5 | | T: (415) 436-9333<br>amackey@eff.org |
| 6 | | |
| 7 | | Stephanie Krent**<br>Alex Abdo** |
| 8 | | Knight First Amendment Institute at Columbia<br>University |
| 9 | | 475 Riverside Drive, Suite 302<br>New York, NY 10115 |
| 10 | | T: (646) 745-8500<br>stephanie.krent@knightcolumbia.org |
| 11 | | |
| 12 | | Maria del Pilar Gonzalez Morales (SBN 308550) |
| 13 | | Shubhra Shivpuri (SBN 295543)<br>Emily Ovencia-Audet (SBN 341116) |
| 14 | | Social Justice Legal Foundation<br>523 West 6th Street, Suite 450 |
| 15 | | Los Angeles, CA 90014<br>T: (213) 973-4063 |
| 16 | | pgonzalez@socialjusticelaw.org |
| 17 | | |
| 18 | | *Counsel for Third Parties A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben* |
| 19 | | *Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi* |
| 20 | | *Oladipo* |
| 21 | | **Application for Admission Pro Hac Vice Forthcoming* |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

ADMIN. MOT. RE RELATED CASES          5          Case No. 4:22-cv-01346-JST